McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:  (202) 307-6648

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LIEN C. THOMAS, et al.,<br><br>    Defendants. | Case No. CIV-F-02-6578 AWI LJO<br><br>**(1) STIPULATION FOR ENTRY OF JUDGMENT,**<br>**(2) JUDGMENT IN A CIVIL CASE,** and<br>**(3) ORDER** |

The active parties in this case are the United States, Lien C. Thomas (individually and as trustee of various trusts), Jeffrey A. Thomas, Maria D. Anthony, the California Franchise Tax Board ("FTB"), Clara Sharp, Danny D. Byker, and Judith L. Byker.  It is hereby stipulated and agreed by all active parties that final judgment may be entered as follows:

**JUDGMENT IN A CIVIL CASE**

1.     Judgment is entered in favor of the United States and against Lien C. Thomas, in the amount of  $221,242.82, plus interest accruing after November 1, 2002, pursuant to 26 U.S.C. § 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid, for the unpaid federal individual income tax, penalties, and interest for the taxable years ending December 31, 1988, 1989, 1991, and 1992.

2.     The collection of this judgment and related tax liens on the property of Alan Thomas has been settled by the following agreement.  If the following obligations are

performed within 60 days of the date of this Judgment, the United States will file with the Court a Satisfaction of Judgment.

    a. The proceeds and payments described below will be paid to the Court to be divided between the California and United States taxing authorities in full satisfaction of the federal individual income tax liabilities of Allan Thomas and Lien Thomas for 1988, 1989, 1991, and 1992 (the "years in suit").

    b. Lien C. Thomas, Jeffrey A. Thomas, and Maria D. Anthony as individuals and on behalf of the Peabody Trust, the Homequity Trust, the Common Sense Trust, the Gemini Funding Group, and the Thomas/Pioneer Trust (collectively the "Thomases") relinquish any interest in the proceeds of the property and the property which was identified in the amended complaint in the above-referenced case (except the Thomas residence, discussed below).  All such assets (except the Thomas residence) will be liquidated and the proceeds would be deposited to the Court to be divided later between the FTB and the United States.

    c. In addition to the foregoing, Lien Thomas would pay to the Court 80% of the equity in her residence (3908 Lindenwood Ct, Modesto, California, as described in the amended complaint) in the amount of $150,000.00 to be divided later between the FTB and the United States.

    d. All parties would cooperate in government efforts to obtain Clara Sharpe's payment of the outstanding balance of the Sharp Note, in the amount of $188,000; which proceeds would be deposited to the Court to be divided later between the FTB and the United States.

    e. From the foregoing payments, the United States and the State of California would agree to a division and distribution of the proceeds in

1337904.1

        accordance with the priority of assessments or as otherwise agreed.

    f.    The Internal Revenue Service will retain any funds previously levied relating to the liabilities for the years in suit.  The Thomases would waive any right to seek a refund of the settlement payments or previously levied funds.

    g.    The United States and the FTB agree to cooperate in subordinating or discharging the tax liens from the Thomas residence to permit the Thomases to borrow the settlement payment in a loan secured by the Thomas residence.

    h.    If the proceeds and payments are deposited to the Court as set forth above, and after the division of the deposited funds, within a reasonable time the United States will file a satisfaction of the judgment, release the federal tax liens relating to the years in suit, and abate any unpaid balance for the years in suit.

    i.    The parties are to bear their respective costs, including any possible attorney's fees or other expenses of this litigation.

3.    Numerous other parties were named as defendants due to their claim of interest in the notes and deeds of trust described in the amended complaint in this case. With the exception of the Sharp note, all such obligations have been liquidated and the proceeds deposited to the Court.  All defendants except those specifically named above are dismissed from this case.

4.    The Court retains jurisdiction to enforce this agreement, or, in the event of a material default, to adjudicate all remaining issues raised in the amended complaint.

1337904.1

The parties agree and request an order directing entry of final judgment in accordance with the foregoing.  This judgment resolves all claims in this case.

                    McGREGOR W. SCOTT
                    United States Attorney

Dated:   December 13, 2005      /s/ G. Patrick Jennings
                    G. PATRICK JENNINGS
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Telephone:  (202) 307-6648

                    BILL LOCKYER, Attorney General
                    for the State of California

Dated:   November 17, 2005      /s/ Michael Cornez (as authorized 11-17-2005)
                    MICHAEL CORNEZ
                    Deputy Attorney General
                    Telephone:  (916) 327-0305
                    Attorneys for the California Franchise Tax Board

Dated:   September 16, 2005      /s/ Lori Mersereau (as authorized 9-16-2005)
                    LORI MERSEREAU
                    Law Offices of Lori M. Mersereau
                    Telephone: (916) 966-1860

                    Attorney for defendant Lien C. Thomas (as individual and as trustee), Jeffrey A. Thomas, (as individual and trustee), and Maria D. Anthony

Dated:   September 17, 2005      /s/ Michael Lee Abbott (as authorized 9-17-2005)
                    MICHAEL LEE ABBOTT,
                    Telephone:
                    Attorney for Clara Sharp

Dated: November 18, 2005      /s/ Kenneth M. Foley (as authorized 11-18-2005)
                    KENNETH M. FOLEY,
                    Telephone: (209) 754-1891
                    Attorney for Danny and Judith Byker

1337904.1

**ORDER**

In accordance with the agreement of the parties, the Clerk shall enter the Judgment set forth above in the paragraphs numbered 1 through 4.  The dates in the scheduling order dated June 1, 2005, are vacated.  The parties are directed to contact the Court to schedule a status conference to be held within 90 days.

IT IS SO ORDERED.

**Dated:   December 14, 2005**           **/s/ Anthony W. Ishii**
0m8i78                                                    UNITED STATES DISTRICT JUDGE

1337904.1