# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:02-cv-06578 AWI GSA |
| Plaintiff, | **ORDER REGARDING STATUS CONFERENCE** |
| v. | |
| LIEN C. THOMAS, et al., | **ORDER REQUIRING PERSONAL APPEARANCE** |
| Defendants. | |

**RELEVANT PROCEDURAL BACKGROUND**

On or about December 16, 2002, the United States of America filed its complaint to enforce federal income tax liens. (Doc. 1.) Following several years of litigation, on April 19, 2006, United States District Court Judge Anthony W. Ishii issued an Amended Stipulation for Entry of Judgment, Amended Judgment in a Civil Case, and Order. (Doc. 79.) Paragraph two, subsection (d) of the judgment and order provides as follows:

> All parties would cooperate in government efforts to obtain Clara Sharp[]'s payment of the outstanding balance of the Sharp[] Note, in the amount of $188,000; which proceeds would be deposited to the Court to be divided later between the California FTB, the County of Stanislaus, and the United States.

1

On April 20, 2006, judgment was entered in favor of the United States and against Defendants in accordance with the Court's April 19, 2006, order. (Doc. 80.)

On May 11, 2010, the United States filed a Request for Status Conference wherein all parties could "discuss final resolution of this matter," and in particular, the outstanding $188,000.00 at issue.[1] (Doc. 82.) On May 13, 2010, this Court set the matter for a Status Conference and ordered the parties to prepare and file a joint status report one week prior. (Doc. 85.)

On June 7, 2010, the United States filed its Status Conference Report, wherein the government advised that the property of Clara Sharp remains the outstanding parcel upon which the government seeks to collect. Apparently Ms. Sharp agreed to sell her parcel and pay the government the sum of $188,000 from the proceeds - her obligation originally owed to the Thomases. However, despite Ms. Sharp agreeing to such a sale and payment, the property has not yet been sold. The government understood there was a prospective buyer of the property, and that "Ms. Sharp and the Bykers [were] about to close the Sharp property transaction." In conclusion, the government asked this Court to "direct the United States to submit a motion for an order of judicial sale to sell the Sharp property if the agreed payment is not deposited to the Court within thirty days from the status conference." (Doc. 89.)

On June 14, 2010, the undersigned conducted a Status Conference in this matter. G. Patrick Jennings personally appeared on behalf of the United States. Lori Mersereau telephonically appeared on behalf of Defendants Lien C. Thomas, Jeffrey A. Thomas, Maria D. Anthony, and the Peabody, Homequity, Common Sense and Thomas/Pioneer Trusts, and Gemini Funding Group (hereafter "Thomas Defendants"). Michael L. Abbott telephonically appeared on behalf of Defendant Clara Sharp. Ultimately, because the sale of the Sharp property seemed imminent, the Court ordered a further status hearing be held July 28, 2010. All parties were to participate and a joint status report was to be filed one week prior to the hearing.

---

[1] A total of $196,668.38 is currently on deposit with the Court.

1   On July 26, 2010, this Court issued a minute order wherein it continued the further status
2 hearing one week, to August 4, 2010, because the parties failed to file a status report as
3 previously requested.  The parties were ordered to file a joint status report no later than 4:00 p.m.
4 on July 28, 2010.  (Doc. 91.)
5   On July 28, 2010, a Joint Status Report was filed with the Court on behalf of Mr.
6 Jennings for the government and Ms. Mersereau for the Thomas Defendants.  Mr. Abbott,
7 counsel for Defendant Sharp, did not participate in the preparation of the report, nor did he sign
8 the document.  (Doc. 92 at 1.)  The report advises that despite Ms. Sharp's agreement to
9 cooperate and "pay the United States $188,000 on her obligation to the Thomases," she has not
10 yet done so.  The government acknowledges the transaction is "extraordinarily complex,"
11 however, an attorney representing the prospective buyers of the Sharp property has indicated that
12 "Ms. Sharp would not cooperate to complete the transaction."  (Doc. 92 at 1-2.)  Further, it is
13 indicated that "James Sifers, counsel for Sharp in other cases, has offered to pay the Sharp
14 obligation to the United States outside of escrow, but payment has not been received."  (Doc. 92
15 at 2.)  The government indicates that it intends to file a motion for order of judicial sale on
16 August 13, 2010, in the event payment has not been received by that date.  Counsel for the
17 government requests that the further status hearing be continued to September 20, 2010, "the
18 hearing date for the motion to enforce the judgment."  (Doc. 92 at 2.)

   ***Legal Representation of Clara Sharp***

20   This Court has previously indicated that Michael L. Abbott is Defendant Clara Sharp's
21 attorney of record for purposes of this litigation.  Because Mr. Abbott did not participate in the
22 joint status report filed July 28, 2010, and because Mr. Abbott has previously indicated to the

3

1   Court that he believed Mr. Sifers[2] should be representing Ms. Sharp in these proceedings, this
2   Court notes the following for the record:
3       Defendant Sharp filed an answer to the government's complaint on or about April 4,
4   2003. (Doc. 19.) Mr. Abbott, according to this Court's CM/ECF system, has been Defendant
5   Sharp's attorney of record since April 4, 2003. Mr. Abbott's address and contact information,
6   including email address of vlfsong@juno.com, apparently have remained unchanged.[3] At the
7   time of the settlement of this action, in December 2005, Mr. Abbott was served with the Notice
8   of Settlement as the legal representative of Defendant Clara Sharp. (*See* Doc. 73.) Further, Mr.
9   Abbott's electronic signature[4] appears on the Amended Stipulation for Entry of Judgment and
10  Amended Judgment in a Civil Case, a document that expressly indicates this Court "retains
11  jurisdiction to enforce this agreement . . .." (*See* Doc. 79.)
12      Shortly after this Court issued its minute order setting this matter for a status conference
13  (Doc. 85), on June 2, 2010, Mr. Abbott electronically filed a "Substitution of Attorney." On June
14  7, 2010, this Court ordered the substitution be stricken, as the docket now reflects. As the Court
15  explained in its minute order, the substitution was stricken because it did "not comply with this
16  Court's Local Rules."[5] Mr. Abbott was "directed to consult Local Rule 182 regarding the
17  procedure for proper withdrawal and/or substitution, particularly 182(d)&(g)." (*See* Doc. 90.)

---

[2] Mr. Sifers does not represent any party in this action, nor does it appear he is authorized to practice before this Court. To the degree the government has served Mr. Sifers with pleadings in this action (Docs. 86, 89, 92), this Court considers such service to be a courtesy in the absence of Mr. Sifers' appearance on behalf of any party to this action.

[3] Pursuant to Local Rule 182(f), it is counsel's continuing duty to keep this Court informed of any change in address or telephone number.

[4] Mr. Abbott's electronic signature includes the following notation: "(as authorized on March 2, 2006)".

[5] Subsection(d) of Local Rule 182 provides, in relevant part: "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." The stricken substitution would have left Defendant Sharp in propria persona.

Mr. Abbott has not filed a motion to withdraw as Defendant Sharp's attorney, nor has he filed a proposed substitution of attorneys wherein another attorney is substituted in as Defendant Sharp's legal representative.

At the status conference held June 14, 2010, the Court explained to Mr. Abbott that, according to this Court's records, he remains Defendant Sharp's attorney of record. James S. Sifers, who apparently represents Clara Sharp in other litigation, is *not* her attorney of record in *this* action.

**ORDER**

In light of the foregoing, it is HEREBY ORDERED that:

1. The further status hearing be CONTINUED from August 4, 2010, at 10:00 a.m. to **September 20, 2010, at 9:00 a.m. in Courtroom 10**; and

2. Unless earlier relieved by Order of this Court, **Attorney Michael L. Abbott shall personally appear at the hearing on September 20, 2010**. Mr. Abbott shall be prepared to participate in the further status hearing, and shall provide the court with a status of the sale of the Sharp property. In the event Mr. Abbott fails to personally appear, this Court will issue an order to show cause for a failure to follow a court order. Additionally, Mr. Abbott shall participate in the preparation of a joint status report, to be filed one week prior to the hearing, or, no later than September 13, 2010.

IT IS SO ORDERED.

Dated:   **July 29, 2010**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE